People of Porto Rico, Plaintiff and Appellee, *v.* Ramón Rosado, Jr., Defendant and Appellant.

No. 4020. Argued February 13, 1930.—Decided February 28, 1930.

*Gayetano Coll y Cuchí*, for appellant.   *R. A. Gómez*, for appellee.

Mr. Chief Justice del Toro delivered the opinion of the court.

Ramón Rosado, Jr., was charged and convicted of involun-tary manslaughter, committed against the person of Eladio Cortés and due to negligently driving an automobile.   A jury trial was had, and the court sentenced the defendant to two years' imprisonment in the penitentiary.

The brief filed in support of the appeal does not contain a separate assignment of errors.   It is divided into two parts entitled "Antecedents of the Case" and "Evidence in the Case."   It is contended that no such culpable negligence on the part of the defendant as, according to the authorities cited by him, would warrant his conviction of the offense charged, has been shown.   The brief of the prosecuting attorney is a thorough one, both as to the analysis of the facts of the case and the statement of the applicable law and jurisprudence.

We have examined the evidence, especially in the light of our decisions in *People* v. *Casanovas,* 38 P.R.R. 197; *People* v. *Blandford,* 23 P.R.R. 580, and *People* v. *Francis,* 19 P.R.R. 659, and we think it is sufficient.

The terrific blow inflicted upon the victim; the place on the highway where the accident occurred; the significant testimony of Marcelina Hernández, who was walking along the road and who, upon seeing defendant's automobile ap-proach at great speed and another coming in the opposite direction, and a truck on the right-hand side of the road, ex-claimed: "It may catch me, and I threw myself down into the ditch and said: let me die here," and that of Alejo Can-delaria, who stated that he was standing next to a policeman in front of a small café by the side of the road and that, when

defendant's car passed, he said to the policeman: "Look at the speed of that car", and "just as I was saying to the policeman, 'look at the speed of the car', people were heard saying, 'it killed him, it killed him' "—all this shows very plainly the circumstances of the case. The statutory rate of speed was apparently exceeded in a manner and under such circumstances as to make manifest the reckless conduct of the defendant. There is no justifiable ground for a reversal of the judgment.

The judgment must be affirmed.